PER CURIAM.
Eric Ostler appeals the judgment of the United States Court of Federal Claims denying his motion for summary judgment for back pay and ancillary relief from his separation from the Navy and granting the United States’ cross motion for summary judgment for reimbursement of Ostler’s United States Naval Academy tuition. Ostler v. United States, No. 00-38C (Fed.Cl. June 6, 2001). Because a board of inquiry was not required under statute or Navy regulation, Ostler’s separation procedure was proper. And because he is bound by the Agreement to Serve and Degree Requirements to repay his tuition, we affirm.
I
The procedures by which boards of inquiry shall be convened to determine whether an officer should be separated from the service or retained on active duty are set out in 10 U.S.C. §§ 1181-1187. A board of inquiry entails the appearance of the officer whose case is under consideration, representation by counsel, and access to the appropriate records. Id. § 1185(a)(3), (4). Ostler argues that his separation was improper because the Navy failed to convene a board of inquiry. We do not agree. Holley v. United States, 124 F.3d 1462, 1468 (Fed.Cir.1997), held that sections 1181-1187 do not apply to the discharge of probationary officers, regular commissioned officers with less than five years of active service. Because Ostler was a probationary officer, with four years and four months of active service, his separation was governed instead by 10 U.S.C. § 630. See id. (“10 U.S.C. § 630 is specific to the discharge of officers with less than five years of service.”).
Under section 630, the procedures for the discharge of probationary officers are left to the discretion of the agency. Holley, 124 F.3d at 1467. Section 630 states in relevant part: “The Secretary of the military department concerned, under regulations prescribed by the Secretary of Defense-(l) may discharge any regular officer on the active-duty list who-(A) has less than five years of active commissioned service.” Ostler argues that he was entitled to a board of inquiry under Navy regulations. We find no support for this argument.
Ostler was discharged for both substandard performance of duty and misconduct. Under Secretary of the Navy’s Instructions (SECNAVINST) 1920.6A, neither charge requires a board of inquiry for probationary officers. Those officers being considered for separation for substandard performance shall be processed under enclosure (7) by which “[njeither a hearing nor a board proceeding is re *426 quired.” SECNAVINST 1920.6A Enclosure (4), ¶ (3)(a)(1). Probationary officers being considered for separation for misconduct shall be processed under the procedures in enclosure (8). Id. Enclosure (4), ¶ (3)(a)(2). Enclosure (8), ¶ (1)(c)(3), in turn states that if a probationary officer has been recommended for an Honorable or General discharge, the procedure outlined in enclosure (7) under which a board of inquiry is not required applies. Because Ostler’s discharge was characterized as General (under Honorable conditions), he was properly processed under Navy regulations.
II
When Ostler entered the United States Naval Academy, he signed a contract entitled Agreement to Serve and Degree Requirements with the United States government whereby the government agreed to pay for his education and he agreed to serve on active duty for at least five years. In addition, he agreed that should he fail to complete the five year term due to misconduct or otherwise, he would reimburse the United States for the same portion of the cost of his education as the unserved portion of active duty. In his “Statement Concerning Administrative Separation,” Ostler recognized that he owed five years of service upon graduation from the Naval Academy, but requested that the reimbursement obligation be waived. Because the government did not waive repayment, Ostler must perform under the Agreement and reimburse the government $10,302.12.
We have considered Ostler’s remaining arguments and find them unpersuasive.